NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 2 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHULAN LIANG, | No. 14-70130 |
| Petitioner, | |
| | Agency No. A201-004-569 |
| v. | |
| | MEMORANDUM* |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 26, 2016**

Before:     McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

Shulan Liang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum and

withholding of removal.   We have jurisdiction under 8 U.S.C. § 1252.   We

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

The BIA affirmed the IJ's adverse credibility determination based on a lack of candor, implausibilities, and inconsistencies between Liang's testimony and the evidence. Substantial evidence supports the adverse credibility determination under the totality of circumstances. *See id.* at 1048; *see also Singh-Kaur v. INS*, 183 F.3d 1147, 1153 (9th Cir. 1999) ("In the circumstances, the IJ reasonably resolved her doubt against Petitioner, who bore the burden of proof."). Liang's explanations do not compel the contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, Liang's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**